USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
          :
LETITIA LEON,          :
          :
          Plaintiff,    :
          :    18-cv-9755 (LJL)
    -v-    :
          :    OPINION AND ORDER
TRANSAM TRUCKING, INC. and GREGREE ALLEN  :
TOBIE,          :
          Defendants.  :
          :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Letitia Leon brings this case, in which a jury trial is scheduled for March 16, 2020, against Defendants TransAm Trucking, Inc. ("TransAm") and Gregree Allen Tobie ("Tobie"). Plaintiff alleges that on or about December 19, 2017, while she was driving her car at the corner of Hunts Point Avenue and Bruckner Boulevard in the Bronx, her car came into contact with a truck driven by Tobie and owned by TransAm, causing Plaintiff to sustain permanent injuries. Dkt. No. 1. Plaintiff brought suit against Defendants in Supreme Court of New York, Bronx County, on or about September 27, 2018, alleging that Defendant Tobie was negligent by, among other things, driving at a fast and excessive rate of speed, making an illegal left turn, and failing to yield. Dkt. No. 1.

    The case was removed to this Court on the basis of diversity on October 23, 2018. On December 12, 2018, the Court entered a Case Management Plan, directing that all fact discovery be completed no later than April 10, 2019 and that all expert discovery be completed no later than May 27, 2019. Dkt. No. 13. The Case Management Plan further provided that every party-proponent of a claim who intended to offer expert testimony would make the disclosures

required by Fed. R. Civ. P. 26(a)(2) by April 11, 2019, and party-opponents by April 25, 2019. The Case Management Plan permitted the parties to make an application to offer expert testimony other than under Fed. R. Civ. P. 26(a)(2) no later than 10 days after these deadlines. Finally, the Case Management Plan noted that it would "not be modified or the dates herein extended, except by further Order of this Court for good cause shown." At the time, the parties indicated that the only anticipated type of expert would be a medical expert.

On April 16, 2019, the Court held a conference in which the parties proffered that they did not intend to depose each other's expert witnesses, and the Court extended the deadline for completion of fact discovery to May 10, 2019, Plaintiff's expert disclosures to May 11, 2019, Defendants' expert disclosures to June 13, 2019, and expert discovery to June 13, 2019. Dkt. No. 16. On July 8, 2019, the Court granted an extension of fact discovery to August 30, 2019 in light of the fact that the parties had recently discovered a witness. At no point did Plaintiff provide expert notice. On July 16, 2019, the Court set the matter down for trial on March 16, 2020. Dkt. No. 24. The case was transferred to the undersigned on February 12, 2020.

Defendants bring three motions *in limine* to preclude Plaintiff from introducing (1) any evidence regarding Tobie's prior criminal convictions, the last of which was 13 years ago, Dkt No. 29; (2) expert testimony from a lay eyewitness, Maritza DeJesus, that the turn she observed Tobie made in the truck owned by TransAm was illegal, Dkt No. 31; and (3) opinion testimony from Police Officer Efrain Ayala ("Officer Ayala"), who arrived after the incident had occurred as to the cause of the incident, Dkt. No. 34.

Plaintiff does not oppose the first two motions, instead representing that she does not intend to question Tobie about prior convictions that occurred more than 10 years before the trial date, Dkt. No. 41, or to elicit testimony from Ms. DeJesus that the turn was illegal, Dkt. No. 42.

2

Accordingly, the Court will preclude evidence regarding the convictions and will preclude witness Ms. DeJesus from offering any testimony that the turn she observed was illegal. The only issue remaining in dispute is whether Officer Ayala can testify that, in his opinion, the incident was caused by Defendants.

The standards the Court must apply to this motion are familiar. Federal Rule of Evidence 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Plaintiff does not seek to offer the testimony of Officer Ayala under Rule 702 and, even if Plaintiff had sought to do so, the Court would not permit it under that Rule due to Plaintiff's failure to meet the deadlines for the required disclosures. The Case Management Plan stipulated by the parties and approved by this Court as an order required Plaintiff to designate her expert witnesses by April 11, 2019, a deadline that was later extended after a conference with the Court. Dkt. Nos. 13, 16; *see also* Fed R. Civ. P. 26(a)(2). The Court's December 12, 2018 Order made clear that the time limits imposed were strict and would be extended only for good cause shown. Dkt. No. 13.

Plaintiff did not designate Officer Ayala by that date, did not make an application to modify or extend the time limit, and still has not designated Officer Ayala as an expert.[1] In fact,

---

[1] Accordingly, Plaintiff's reliance on *Royal & Sun Alliance Ins. Plc v. UPS Supply Chain Sol'ns, Inc.*, No. 09-cv-5935, 2011 WL 3874878 (S.D.N.Y. 2011), which involved the expert testimony of two police officers, is misplaced. *See* No. 09-cv-5935, Dkt. Nos. 113, 125, 134.

3

Plaintiff reaffirms that she is not offering Officer Ayala as an expert. *See* Pl. Mem. of Law 3 ("There was no failure to designate PO Ayala as an expert witness within the meaning of FRCP 26(a)(2)(B) and FRE 702 because he is being offered as a lay witness who investigated the accident as a New York Police Officer . . . ."). The failure to designate Officer Ayala as an expert would alone be sufficient ground not to permit the testimony under Rule 702, even if Plaintiff sought to invoke the rule which—as noted—Plaintiff does not seek to do.[2]

The question whether the testimony may be received under Rule 701 is only slightly closer. Federal Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." As the proponent of lay opinion testimony, Plaintiff has the burden of establishing the prerequisites of Rule 701. *See, e.g., United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004).

Plaintiff has failed to establish at least two of the prerequisites to qualify the proposed testimony as lay opinion. First, Plaintiff has failed to show that the testimony is rationally based

---

[2] Plaintiff contends that it would be "unrealistic and impracticable" to expect an employee of the New York City Police Department not retained by a plaintiff to provide the expert report required by Fed. R. Civ. P. 26(a)(2)(B). Pl. Mem. of Law 3. But the Federal Rules of Civil Procedure do not require an expert report for all testimony proffered pursuant to Fed. R. Evid. 702, and the Rules specifically contemplate that there may be some witnesses who will provide expert testimony but will not be in a position to provide an expert report. Plaintiff had the opportunity to select the route offered by Fed. R. Civ. P. 26(a)(2)(C) by disclosing the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702 and a summary of the facts and opinions as to which the witness is expected to testify. However, as discussed, Plaintiff failed to do so and to meet the deadline for this disclosure under both Fed. R. Civ. P. 26(a)(2)(D) and the Case Management Plan, and even today, disavows that the proffered testimony is expert.

on Officer Ayala's perception. Indeed, the evidence demonstrates that it is not. Officer Ayala arrived at the scene of the crash only after it occurred and has no firsthand knowledge of its cause. *See* Pl. Mem. of Law 1; Def. Mem. of Law 2. The Advisory Committee Notes to Rule 701 reflect that the Rule is intended to permit lay witnesses "to testify to their personal perceptions in the form of inferences or conclusory opinions," "[r]ecognizing that eyewitnesses sometimes find it difficult to describe the appearance or relationship of persons, the atmosphere of a place, or the value of an object by reference only to objective facts." *Garcia*, 413 F.3d at 211 (citing Fed. R. Evid. 701, Advisory Committee Notes on 1972 Proposed Rules and on 2000 Amendments). "Rule 701 simply recognizes lay opinion as an acceptable 'shorthand' for the 'rendition of facts that the witness personally perceived.'" *Id.* (quoting 4 Weinstein's Federal Evidence 701.03[1]). Officer Ayala's proposed causation testimony goes beyond his personal perceptions to the inferences and conclusions he drew from his after-the-fact observation of the scene and the interviews he conducted with the drivers. It therefore is not permissible lay opinion testimony.

Second, the proposed testimony is independently inadmissible because it depends, at least in part, "on his specialized training and experience." *Id.* at 216. The Second Circuit has made clear that "[i]f the opinion rests 'in any way' upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." *Id.* at 215 (citing 4 Weinstein's Federal Evidence 701.03[1]). "[A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *Id.* Plaintiff admits that Officer Ayala's opinion as to the "apparent contributing cause" of the incident was "based" on his "years of experience and his training" at the police academy where he learned "how to pinpoint who was at fault/who was liable." Pl. Mem. of Law 2. His opinion was not the

5

"product of reasoning processes familiar to the average person in everyday life," but rather the specialized knowledge reserved for Rule 702, not Rule 701. *Garcia*, 413 F.3d at 216; *see also United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013). Even if aspects of Officer Ayala's opinion about the cause of the incident could be deemed the product of reasoning processes by the "average person," his conclusion about the cause was an inference based, at least in part, on his specialized training and experience.

Finally, the Court questions whether the testimony would be particularly "helpful" to the jury's "clear understanding of the witness's testimony or the determination of a fact in issue" as required by Rule 701. *Garcia*, 413 F.3d at 213. Indeed, "if such broadly based opinion testimony as to culpability were admissible under Rule 701, 'there would be no need for the trial jury to review personally any evidence at all.'" *Id.* at 214 (quoting *Grinage*, 390 F.3d at 750).

If Plaintiff wanted to offer the cause testimony, she could have made the disclosures required by Fed. R. Civ. P. 26(a)(2)(C), thus permitting Defendants to inquire into the bases for Officer Ayala's conclusion. She did not do so.

Officer Ayala may testify as to what he did and did not observe at the scene, but he may not offer his opinions about the cause of the incident. For the reasons discussed above, the Court GRANTS Defendants' motions *in limine*.

SO ORDERED.

Dated: February 13, 2020
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge